UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:11CV-P84-M

W. CURTIS SHAIN                                                                                            PLAINTIFF

v.

GRAYSON COUNTY, KENTUCKY *et al.*                                                      DEFENDANTS

### MEMORANDUM OPINION

Plaintiff W. Curtis Shain filed a *pro se* complaint. This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss the action.

### I.

Plaintiff is a prisoner currently incarcerated at the Federal Correctional Institution-Elkton (FCI). His claims stem from his previous incarceration at the Grayson County Detention Center (GCDC) and his transport from the GCDC to the FCI. He sues Grayson County, Kentucky; Jailer Darwin Dennison; Deputy John Doe 1; Deputy John Doe 2; Deputy John Doe 3; and Deputy Jane Doe 1. He sues Dennison and the Doe Defendants in their official and individual capacities.

Plaintiff states that he was transferred from GCDC to FCI on October 26, 2010. He asked to take personal items with him, including two legal reference books. Jane Doe 1 denied his request and informed him that his personal items would be mailed to his family members. However, when Plaintiff's family received his personal items, his two legal reference books were missing.

Plaintiff also states that during the transport from the GCDC to the FCI he was put in hand-cuffs, leg shackles, a belly chain, and a black-box, which limited his hand movements. He

states that the black-box is typically used only for high-security inmates and that he was classified as a low-security inmate. John Doe 1 denied Plaintiff's request to loosen the restraints. Plaintiff states that he asked that a seat belt be placed on him but that the transport van was not equipped with seatbelts. John Doe 2 placed a padlock on the only available exit doors for the inmates. Plaintiff felt that in the event of an accident he would be exposed to serious threat of injury or death due to the lack of seatbelt, the placement of the padlock, and the placement of the black-box restraint.

Once on the interstate, Plaintiff states that John Doe 1 and John Doe 3, who was driving a second transport van to FCI, "raced each other down the interstate at excessively high speeds, moving in and out of traffic" and rapidly accelerated and decelerated. Plaintiff also states that John Doe 1 looked at his cell phone, took calls, checked emails, and texted while driving the van. Plaintiff was allowed only one restroom stop during the twelve-hour trip, and Plaintiff remained in full restraints during the entire trip, including during a stop where inmates ate lunch. When the restraints were removed, Plaintiff states that his "hands were red and swollen from the handcuffs and black-box restraint."

Plaintiff states the above actions violated 42 U.S.C. §§ 1983, 1985(3), and 1986. He also bring claims for "professional misconduct" against John Doe 1 and John Doe 3, for inadequate supervision and training against Dennison and Grayson County, Kentucky, and for negligence against all Defendants. As relief, he seeks compensatory and punitive damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any

portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, --, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

**A.    Federal claims**

    **1.    Lost property**

Plaintiff states that Jane Doe 1 and Dennison violated his rights under the Fourth

Amendment in forcing him to turn over his legal reference materials and not returning them to him. The Fourth Amendment provides, in part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

In *Hudson v. Palmer,* 468 U.S. 517 (1984), an inmate brought an action under § 1983 claiming, in part, that the destruction of his personal property during a search of his cell violated his Fourth Amendment right to be free from unreasonable searches and seizures. In rejecting the inmate's claim, the Supreme Court stated that a prisoner does not possess "any subjective expectation of privacy . . . in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches and seizures does not apply within the confines of the prison cell." *Id*. at 526. The same rationale applies to a prisoner's argument that the loss of his property constituted an unreasonable seizure in violation of the Fourth Amendment. *Id*. at 528 n.8. Thus, Plaintiff has failed to allege a cognizable Fourth Amendment claim against Defendants.

Furthermore, the Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Id.* at 533; *Parratt v. Taylor*, 451 U.S. 527 (1981) (*rev'd on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986)). In order to assert a claim for deprivation of property without due process pursuant to § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt,* 451 U.S. at 543-44. The law of this Circuit is in accord. For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the court held that "in § 1983

damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Id.* at 1066. The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Thus, any due process challenge with respect to Plaintiff's lost property fails.

Accordingly, Plaintiff's constitutional claim concerning his lost property will be dismissed for failure to state a claim upon which relief may be granted.

**2.    Transport**

Plaintiff states that Defendants Grayson County, Kentucky; Dennison; John Doe 1; John Doe 2; and John Doe 3 violated his rights under the Eighth Amendment during his transport to the FCI by placing unreasonable restraints on him, failure to provide seatbelts, padlocking the exit door, allowing only one restroom break, and requiring him to eat lunch in restraints.

"[H]arsh 'conditions of confinement' may constitute cruel and unusual punishment unless such conditions 'are part of the penalty that criminal offenders pay for their offenses against society.'" *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The alleged conduct must reflect an "unnecessary and wanton infliction of pain" to fall within the ambit of conduct proscribed by the Eighth Amendment. *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).

A viable Eighth Amendment claim must satisfy both an objective component and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The objective component requires that the deprivation be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also Hudson v.*

*McMillian*, 503 U.S. 1 (1992). This component is contextually driven and is "responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8 (quoting *Estelle*, 429 U.S. at 103). An inmate must show that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347.

The subjective component requires the defendant to act with "deliberate indifference" to a prisoner's health or safety. *Wilson*, 501 U.S. at 302-03. "'[A]cting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Street*, 102 F.3d at 815 (quoting *Farmer*, 511 U.S. at 836). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837-38 (citations omitted).

The law has long been that "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn by Parks v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994); *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-08 (1986). In addition to the legal requirement of an "injury" in case law historically, Congress acted to further limit prisoner suits to only a specific kind of injury. Under the Prison Litigation Reform Act, lawsuits brought by institutionalized persons requires a "physical" injury in order to permit recovery: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42

U.S.C. § 1997e(e). Moreover, in interpreting this statute against prisoners' complaints, courts have required that the injury be more than *de minimis*. *See Jarriett v. Wilson*, 414 F.3d 634, 162 F. App'x 394, 400-01 (6th Cir. 2005)

Here, Plaintiff does not allege that the transport van was involved in an accident or otherwise caused him any physical injury. He alleges only that his hands were red and swollen from the handcuffs and black-box restraint and that he suffered discomfort during the trip. He does not allege that he sought or received medical attention following the transport. Courts have held that such complaints are no more than a *de minimis* injury. *See Quinlan v. Pers. Transp. Servs. Co., LLC*, 329 F. App'x 246, 249 (11th Cir. 2009) (finding temporary chest pain, headache, difficulty breathing, and back pain during transport van ride no more than *de minimis* injury which barred § 1983 claim under § 1997e(e)); *Jarriett*, 162 F. App'x at 400-01 (6th Cir. 2005) (finding *de minimis* injury where a prisoner complained that his legs were swollen, he suffered pain while standing, and had severe cramps in his thighs when trying to sit); *Corsetti v. Tessmer*, 41 F. App'x 753, 755-56 (6th Cir. 2002) (finding that two small bruises on shoulder that did not require medical attention were *de minimis* injuries and not actionable section 1997e(e)); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (finding that prisoner who alleged that he had a bruised ear for three days did not meet § 1997(e) standard). Moreover, mere discomfort which poses no risk to health and safety does not implicate the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. at 9.

Because Plaintiff fails to allege a non-*de minimis* physical injury, his Eighth Amendment claim fails, and he fails to state a constitutional violation under 42 U.S.C. §§ 1983, 1985(3), or

1986. His federal claims will therefore be dismissed for failure to state a claim upon which relief may be granted.

**B.      State-law claims**

Plaintiff also brings state-law claims of professional negligence, inadequate supervision and training, and negligence. "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Therefore, having dismissed all federal claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims and will dismiss those claims without prejudice.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
4414.010